Curia, per RichardsoN, J.
Attachment against the sheriff, presupposes a contempt of the court. It follows, of course, that before so summary and coercive a remedy is adopted, there must be an apparent contempt; and then, by modern practice, attachment may be used as a remedy, in order to enforce a claim of justice. This meaning and object of the attachment against sheriffs has been often laid down; as an instance, see the case of Dawkins vs. Pearson, 2 Bail. 619. In that case, the attachment which had been ordered was set aside, because there were different claimants for the money in the sheriff’s hands. The case before the court is of the same very common occurrence of conflicting claims ; in which the parties become impatient. But still they must be left to the common remedy, by action, or issue made up to determine their respective rights by jury, &e. This is our well established practice, in order to avoid the possible perversion of the imaginary Judge, who first punished the accused as a wholesome thing, and then more calmly heard and decided in a regular way upon his merits, as a thing due to justice. The decision on the circuit was, therefore, right, and the motion is dismissed.
O’Neall, Evans and Frost, JJ. concurred.